**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

BONNIE HORTON AND
CASSIE WALKER,

      Plaintiffs,

v.

HALLIBURTON ENERGY SERVICES, INC. AND
JOHN ADAMS,

      Defendants.

_____

**DEFENDANTS' NOTICE OF REMOVAL**
_____

Defendants Halliburton Energy Services, Inc. and John Adams ("Defendants"), by and through their attorneys, Hall & Evans, L.L.C., hereby respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Fed. R. Civ. P. 81(c), and D.C.Colo.LCivR. 81.1, and state as follows:

    1.    Plaintiffs Bonnie Horton and Cassie Walker ("Plaintiffs") filed their Complaint in the District Court for the County of Adams, Colorado on March 1, 2019. *See* Plaintiffs' Complaint and Jury Demand ("Complaint") attached as **Exhibit A**. Service of process was completed on Defendant Halliburton in Colorado on April 5, 2019. *See* Service of Process Transmittal Notice, attached as **Exhibit C**. Service of process was completed on Defendant Adams on April 22, 2019. *See* Affidavit of Return of Service, attached as **Exhibit D**. This action is now pending as Civil Action No. 2019CV30352.

2. The Complaint alleges two claims for relief against Defendants arising out of a motor vehicle accident: (1) negligence and (2) negligence per se. *See* Complaint at ¶¶ 18-32. Plaintiffs seek "general and special damages" for "substantial, serious, and debilitating physical, orthopedic, and/or neurological injuries; past, present, and future physical pain and suffering; severe mental anguish; potentially permanent injury, disability, impairment, and/or disfigurement; loss of income and potentially a loss of earning capacity; loss of the value of time; and loss of equality and enjoyment of life." Complaint, at ¶¶ 21, 26, and 31. "Plaintiffs have incurred, and continue to incur, special economic damages, including but not limited to medical expenses, physician expenses, rehabilitation expenses, medication expenses, loss of income, and loss of earning capacity. Plaintiffs have also incurred, and continue to incur, the loss of pre-judgment interest and may incur the loss of post-judgment interest…" Complaint, at ¶¶ 22, 27, 32.

3. Per Colorado's Rules of Civil Procedure, Defendant Halliburton was required to respond to Plaintiff's Complaint within 21 days after service. Defendant filed an Answer to Plaintiff's Complaint on April 26, 2019, which is attached hereto as **Exhibit G**.

4. Defendant Adams is required to respond to Plaintiff's Complaint within 35 days after service as he was served outside the state of Colorado. As such, Defendant Adams' response is due May 28, 2019.

5. Per 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons … to file the notice of removal." Therefore, Defendant Halliburton's deadline to file a notice of removal is May 6, 2019 and Defendant Adams' deadline is May 22, 2019.

6. By first filing an Answer in state court, Defendant Halliburton has not waived its right to removal because it was not "seeking an adjudication on the merits" nor taking "an affirmative action showing its intent to remain in state court." *City of Albuquerque v. Soto Enters, Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017).

7. Any civil action over which the district courts of the United States have original jurisdiction may be removed from a state court to a federal court. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over an action when none of the plaintiffs are a citizen of the same state as any of the defendants, and the amount of controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

8. For purposes of diversity, a corporation is deemed a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Oteng v. Golden Star Res., Ltd.*, 615 F. Supp. 2d 1228, 1233 (D. Colo. 2009). A corporation can only have one principal place of business, and it is usually the headquarters or "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Halliburton is incorporated in the state of Delaware and has its principal place of business in Houston, Texas. *See* Corporate Disclosure Statement, which is being filed contemporaneously herewith. Despite Plaintiffs' confusion, Halliburton is not "incorporated" in Colorado and cannot be incorporated in more than one state. Complaint, at ¶ 4. Because Defendant Halliburton is a citizen of both Delaware and Texas, Defendant Adams is a citizen of Oklahoma[1], and Plaintiffs Horton and Walker are citizens of Missouri, complete diversity exists here. Complaint, at ¶¶ 2-5.

---

[1] Although Plaintiff pleads Defendant Adams is a citizen of Oklahoma, he is actually domiciled in Kansas.

9. The amount in controversy in this action exceeds the $75,000 jurisdictional threshold. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

10. 28 U.S.C. § 1446(c)(2) provides, in relevant part:

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that –
>
> (A) The notice of removal may assert the amount in controversy if the initial pleading seeks –
>
> …
>
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;

28 U.S.C. § 1446(c)(2) and (c)(2)(ii).

11. In the Complaint, Plaintiffs do not state a specific amount of damages but rather claim broad categories of past and future economic and non-economic damages including pain, suffering, emotional distress, loss of enjoyment of life, physical injury, impairment, disfigurement and disability. Complaint, at ¶¶ 21-22, 26-27, and 31-32.

12. A plaintiff cannot defeat removal by omitting an amount in controversy from the complaint. *Valdez v. Byers*, No. 09-CV-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *4 (D. Colo. May 20, 2009).

13. Plaintiffs' Civil Case Cover Sheet filed in Adams County District Court represents that, "a monetary judgment over $100,000 is sought by any party against any other single party." **Exhibit E**, p. 1. The Civil Case Cover Sheet is subject to the requirement of C.R.C.P. 11(a), and

the attorney signature constitutes a certificate "…that to the best of his knowledge, information, and belief formed after reasonable inquiry, [the pleading] is well grounded in fact…" The United States Court of Appeals for the Tenth Circuit held on August 29, 2016, that a Colorado State Court's Civil Case Cover Sheet is an "other paper" under 28 U.S.C. § 1446(b)(3), and that a Civil Case Cover Sheet now provides an appropriate basis to support the jurisdictional amount in controversy for the purposes of removal. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016). Plaintiffs' Civil Case Cover Sheet is thus sufficient to establish that the amount in controversy is in excess of the jurisdictional limit of $75,000, and it is therefore appropriate for this Court to exercise diversity jurisdiction.

14. Pursuant to 28 U.S.C. § 1446(d), Defendants have filed a copy of the notice with the clerk of the Adams County District Court in the State of Colorado and given written notice of the Notice of Removal to Plaintiffs' counsel as evidenced by the attached Certificate of Service. *See* **Exhibit F**.

15. Pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCiv.R. 81.1(b), attached are copies of the following process, pleadings, and orders filed in the state court action and served upon Defendants:

    **Exhibit A**    Plaintiffs' Complaint and Jury Demand;

    **Exhibit B**    Summons;

    **Exhibit C**    Service of Process Transmittal Notice (Halliburton);

    **Exhibit D**    Affidavit of Return of Service (Adams);

    **Exhibit E**    Civil Case Cover Sheet;

    **Exhibit F**    Notice of Filing of Notice of Removal;

**Exhibit G**  Defendant Halliburton's Answer to Plaintiffs' Complaint; and

**Exhibit H**  State Court Docket.

16. Defendants certify pursuant to D.C.COLO.LCIV.R. 81.1 that neither a trial nor any hearings in this matter have been set in the District Court, Adams County, Colorado. Defendants have complied with all of the requirements of D.C.COLO.LCIV.R. 81.1.

17. Per 28 U.S.C. § 1446(b)(2)(A), both Defendants Halliburton and Adams have joined in and consented to the removal of this action.

18. All parties demand a jury trial on all issues so triable.

WHEREFORE for the foregoing reasons, Defendants respectfully request that this case be removed from the District Court, Adams County, Colorado, that this Court take jurisdiction of and enter such further orders as may be necessary and proper for the continuation of this action, and that Defendants be afforded such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 3rd day of May, 2019.

**HALL & EVANS, LLC**

*s/ M. Kelly Ledoux*
Lance E. Shurtleff, Esq. CO #: 34340
James C. Worthen, Esq. WY #: 6-3973
M. Kelly Ledoux, Esq. CO #: 49946
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Ph:  (303) 628-3300
Fax: (303) 628-3368
Email: shurtleffl@hallevans.com
          worthenc@hallevans.com
          ledouxk@hallevans.com
**ATTORNEYS FOR DEFENDANTS HALLIBURTON ENERGY SERVICES, INC. AND JOHN ADAMS**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of May, 2019, a true and correct copy of the forgoing **DEFENDANTS' NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following parties:

jwesoky@darlingmilligan.com
Jason B. Wesoky, Esq. #: 34241
DARLING MILLIGAN PC
1331 17th Street, Suite 800
Denver, CO 80202

*s/ Debra K. Baumgard*
Debra K. Baumgard, Legal Assistant
**HALL & EVANS, L.L.C.**