# EXHIBIT A

| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601<br>303-659-1161 | DATE FILED: March 1, 2019 4:37 PM<br>FILING ID: B92F743D16BCE<br>CASE NUMBER: 2019CV30352 |
|---|---|
| Plaintiffs:   Bonnie Horton and Cassie Walker<br><br>v.<br><br>Defendants: Halliburton Energy Services, Inc. and John Adams | ▲ COURT USE ONLY ▲ |
| Attorneys for Plaintiff:<br>Jason B. Wesoky, Reg. No. 34241<br>DARLING MILLIGAN PC<br>1331 17th Street, Suite 800<br>Denver, CO 80202<br>Phone:          (303) 623-9133<br>Fax:              (303) 623-9129<br>E-mail:         jwesoky@darlingmilligan.com | Case No.:<br><br><br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW, Plaintiffs Bonnie Horton and Cassie Walker (hereinafter "Plaintiff Horton" and "Plaintiff Walker"), by their counsel, for their Complaint against Defendants Haliburton Energy Services, Inc. (hereinafter "Defendant Halliburton") and John Adams (hereinafter "Defendant Adams"), state as follows:

### PRELIMINARY STATEMENT

1.      Plaintiffs Horton and Walker seek damages for injuries that they sustained in a motor vehicle crash on March 17, 2017, when Defendant Adams, who was operating a vehicle in the course and scope of his employment with Defendant Halliburton, collided with the rear end of Plaintiffs' vehicle on Colorado 270, at or near its intersection with Colorado 76 in Adams County, State of Colorado.

1

## GENERAL ALLEGATIONS

2. Plaintiff Horton is a resident of the State of Missouri.

3. Plaintiff Walker is a resident of the State of Missouri.

4. Defendant Halliburton Energy Services, Inc. (hereinafter "Defendant Halliburton") is incorporated to do business in the State of Colorado.

5. Defendant John Adams, upon information and belief, is a resident of the State of Oklahoma.

6. Venue of this action properly lies in the Seventeenth Judicial District, pursuant Colo. Rev. Stat. § 13-1-124, because a substantial part of the events or omissions giving rise to the claim occurred within this district.

7. On or about March 17, 2017, Defendant Adams, while acting in the course and scope of his employment with Halliburton and while acting as Haliburton's agent, servant and/or employee, was driving and operating a vehicle owned by Defendant Haliburton eastbound on Colorado Interstate 270, at or near its milepost 1, in Adams County, State of Colorado.

8. At the same time, Plaintiffs were driving the same direction in front of Defendants' vehicle.

9. Defendants' vehicle collided with the rear of Plaintiffs' vehicle.

10. The two vehicles collided as a direct result of the negligence of Defendants due to Defendants:

    a) Being inattentive to the roadway;

    b) Carelessly and neglectfully failing to yield the right-of-way;

    c) Carelessly and negligently failing to sound a warning, to slacken speed, swerve or stop before colliding with Plaintiffs' motor vehicle;

2

    d)    Failing to control the commercial vehicle;

    e)    Carelessly and negligently operating the commercial vehicle at an excessive rate of speed under the circumstances then and there existing;

    f)    Carelessly and negligently failing to exercise the highest degree of care to keep a lookout to the front and laterally so as to discover Plaintiffs' motor vehicle;

    g)    Carelessly driving its motor vehicle in violation of Colorado § 42-4-1402(2)(a).

11. At all times, Defendant Adams was acting as an agent, servant or employee of Defendant Halliburton.

12. Defendants, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on or about March 17, 2017.

13. As a direct and proximate result of Defendant's negligence, Plaintiffs have incurred in the past and will continue to incur in the future, reasonable and necessary medical expenses, physical, mental and emotional pain and suffering, loss of enjoyment of life, permanent disability and permanent impairment in an amount to be determined by the trier of fact.

14. Plaintiffs have not failed to mitigate their damages.

15. Plaintiffs were not negligent in the crash.

16. No third-party caused, or contributed to the cause of, the crash, or to Plaintiffs' injuries, damages, and losses that resulted from the crash.

17. None of Plaintiffs' injuries were caused by anything other than the crash and they had no pre-existing injuries to the affected body parts that required any of the treatment they have received since this crash occurred.

## COUNT I   – DEFENDANT HALLIBURTON ENERGY SERVICES, INC.– NEGLIGENCE

18. Plaintiffs restate and reallege each and every paragraph and subparagraph set forth above as if they were set forth herein at length against Defendant Halliburton.

19. Defendant Halliburton, acting through its agents, servants or employees, individually or in combination, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on or about March 17, 2017.

20. Defendant Haliburton breached that duty when it, acting through its agents, servants or employees, individually or in combination, collided with Plaintiffs' vehicle.

21. As a direct and proximate result of the negligence and carelessness of the Defendant Halliburton, Plaintiffs suffered substantial, serious, and debilitating physical, orthopedic, and/or neurological injuries; past, present, and future physical pain and suffering; severe mental anguish; potentially permanent injury, disability, impairment, and/or disfigurement; loss of income and potentially a loss of earning capacity; loss of the value of time; and loss of quality and enjoyment of life. Accordingly, Plaintiffs seeks general and special damages as a consequence of the injuries and damages suffered as a result of Defendant Haliburton's negligent conduct on the subject occasion.

22. Plaintiffs have incurred, and continue to incur, special economic damages, including but not limited to medical expenses, physician expenses, rehabilitation expenses, medication expenses, loss of income, and loss of earning capacity. Plaintiffs have also incurred, and continue to incur, the loss of pre-judgment interest and may incur the loss of post-judgment interest. The above-referenced special economic damages are still accruing and Plaintiffs will

continue to incur some or all of them into the future and possibly for the balance of their natural lives.

### COUNT II– DEFENDANT JOHN ADAMS – NEGLIGENCE

23. Plaintiffs restate and reallege each and every paragraph and subparagraph set forth above as if they were set forth herein at length against Defendant Adams.

24. On or about March 17, 2017, Defendant Adams, Defendant Halliburton's agent, servant and/or employee, while acting within the scope of his employment, owed a duty of care to members of the general public, including Plaintiff, while using the public roadways on or about March 17, 2017.

25. Defendant Adams breached that duty when he collided with Plaintiffs' vehicle.

26. As a direct and proximate result of the negligence and carelessness of Defendant Adams, Plaintiffs suffered substantial, serious, and debilitating physical, orthopedic, and/or neurological injuries; past, present, and future physical pain and suffering; severe mental anguish; potentially permanent injury, disability, impairment, and/or disfigurement; loss of income and potentially a loss of earning capacity; loss of the value of time; and loss of quality and enjoyment of life. Accordingly, Plaintiffs seeks general and special damages as a consequence of the injuries and damages suffered as a result of Defendant Adam's negligent conduct on the subject occasion.

27. Plaintiffs have incurred, and continue to incur, special economic damages, including but not limited to medical expenses, physician expenses, rehabilitation expenses, medication expenses, loss of income, and loss of earning capacity. Plaintiffs have also incurred, and continue to incur, the loss of pre-judgment interest and may incur the loss of post-judgment interest. The above-referenced special economic damages are still accruing and Plaintiffs will

continue to incur some or all of them into the future and possibly for the balance of their natural lives.

## **COUNT III – BOTH DEFENDANTS – NEGLIGENCE PER SE**

28. Plaintiffs incorporate all prior allegations as though fully set forth herein.

29. The aforementioned acts of negligence were in violation of the applicable statutes and ordinances of the State of Colorado including, but not limited to, C.R.S. § 42-4-1402, Careless Driving and C.R.S. § 42-4-1101(1) and (3), Speeding, as well as applicable municipal codes.

30. The aforementioned statutes, ordinances, and codes were enacted to protect persons such as Plaintiffs from harm and injury of the type suffered. As such, the conduct of Defendants in violating said statutes, ordinances, and codes constitutes negligence per se.

31. As a direct and proximate result of the negligence per se of Defendants, Plaintiffs have incurred substantial, serious, and debilitating physical, orthopedic, and/or neurological injuries; past, present, and future physical pain and suffering; severe mental anguish; potentially permanent injury, disability, impairment, and/or disfigurement; loss of income and potentially a loss of earning capacity; loss of the value of time; and loss of quality and enjoyment of life. Accordingly, Plaintiffs seek general and special damages as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct on the subject occasion.

32. Plaintiffs have incurred, and continue to incur, special economic damages, including but not limited to medical expenses, physician expenses, rehabilitation expenses, medication expenses, loss of income, and loss of earning capacity. Plaintiffs have also incurred, and continue to incur, the loss of pre-judgment interest and may incur the loss of post-judgment interest. The above-referenced special economic damages are still accruing and Plaintiffs will

continue to incur some or all of them into the future and possibly for the balance of their natural lives.

WHEREFORE, Plaintiffs pray for judgment against the Defendants in an amount to be determined by the trier of fact, for interest as provided by law, for costs, attorney fees and for such other and further relief as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.

**RESPECTFULLY SUBMITTED** this 1st day of March, 2019.

DARLING MILLIGAN PC

*/s/ Jason B. Wesoky*
Jason B. Wesoky, #34241
Darling Milligan PC